UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RACHELLE SMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-01877-SPM |
| | ) | |
| ST. LOUIS COMMUNITY COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*, following Plaintiff's failure to comply with several court orders. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) (Doc. 7). For the reasons stated below, the Court will dismiss this case with prejudice.

**I.  BACKGROUND**

On November 29, 2016, Plaintiff, acting through counsel, filed her Complaint in this case. (Doc. 1). On November 20, 2017, counsel for the parties attended a case status conference and advised the Court that they had reached a settlement, subject to the approval of Defendant's Board. The same day, the Court issued an order requiring counsel to file, within ninety days, a stipulation of dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. (Doc. 18). The order stated that failure to timely comply with the order would result in dismissal of the action. No dismissal paperwork was filed by the deadline. On March 8, 2018, this Court entered a Show Cause Order directing Plaintiff to, by March 16, 2018, either file the dismissal paperwork required by the Court's prior order or show cause why this case should not be dismissed for failure to comply with this Court's prior order. (Doc. 19). Plaintiff did not respond to that order. On March 28, 2018, this Court issued an order setting forth Plaintiff's failure to respond to the Court's orders and requiring counsel for the parties to appear by telephone for a status conference on April 5,

2018, at 11:30 a.m. (Doc. 20). Plaintiff's counsel did not appear at the telephone status conference. Plaintiff has provided the Court with no explanation for her failure to comply with any of these orders. Plaintiff's last communication with the Court was at the November 20, 2017 status conference.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. The United States Supreme Court has held that although Rule 41(b) does not expressly address the Court's authority to dismiss a case *sua sponte* for failure to prosecute or failure comply with a court order, "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) ("District courts have inherent power to dismiss sua sponte a case for failure to prosecute, and we review the exercise of this power for abuse of discretion.") (quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)). Similarly, the Eighth Circuit has also found that the court has the power to dismiss a case *sua sponte* for failure to comply with a court order. *See Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").

The Eighth Circuit has noted that even where dismissal for failure to prosecute or comply with a court order is appropriate, dismissal with prejudice is an "extreme sanction" that is appropriate only in cases of "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)). *See also Givens v. A.H.*

*Robins Co., Inc.*., 751 F.2d 261, 263 (8th Cir. 1984) ("Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint."). Additionally, dismissal with prejudice "should only be used when lesser sanctions prove futile." *Siems*, 560 F.3d at 826 (quoting *Rodgers v. Curators of the Univ. of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998)).

In the instant case, Plaintiff has now failed to respond in any way to three orders entered by this Court over a period of nearly five months: (1) an order requiring her to file dismissal paperwork following a reported settlement, which expressly informed her that failure to comply would result in dismissal of the action, (2) an order requiring her to show cause why the action should not be dismissed for her failure to comply with the first order, and (3) an order requiring her counsel's participation in a telephone status conference to address her prior failures to comply with this Court's orders. Plaintiff has never offered any explanation or justification for these failures, despite having been given multiple opportunities to do so. Indeed, Plaintiff has not communicated with the Court in any way since November 20, 2017.

Based on these facts, the Court finds that Plaintiff has been intentionally and willfully ignoring this Court's orders and has no serious interest in continuing to prosecute this case. Moreover, given Plaintiff's ongoing and willful failure to respond to any of this Court's orders, and the resulting delays in resolving this case, the Court concludes that dismissal with prejudice is the appropriate course of action. The Court recognizes that dismissal with prejudice is an extreme sanction. However, in light of Plaintiff's complete failure to respond to any Court orders or to participate in this case in any way, the Court concludes that other sanctions would be futile. *See, e.g., Siems*, 560 F.3d at 826-27 (holding the district court did not err in dismissing the plaintiff's case with prejudice where the plaintiff's counsel did not comply with any part of the court's pretrial order and did not respond to warnings from the court via email and telephone; noting that the

plaintiff's "complete inaction amounted to a persistent pattern of delay and willful violation of court orders").

**III.  CONCLUSION**

For all of the above reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice. The Court will enter a separate order of dismissal.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of April, 2018.